# Exhibit A



**RIGRODSKY & LONG** P.A.

Attorneys at Law                                                         www.rigrodskylong.com

Seth D. Rigrodsky                                                        Marc A. Rigrodsky
*Admitted in DE, NY*                                                     *Admitted in CT, DC*

Brian D. Long                                                            Gina M. Serra
*Admitted in DE, PA*                                                     *Admitted in DE, NJ, NY, PA*

Timothy J. MacFall                                                       Vincent A. Licata
*Admitted in NY*                                                         *Admitted in NY*

November 9, 2020

**VIA EMAIL**

Jaime Mercado, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
jmercado@stblaw.com

Re:   *Acamar Partners Acquisition Corp.*

Dear Counsel:

I write on behalf of Eric C. Broyles ("Plaintiff"), a stockholder of Acamar Partners Acquisition Corp. ("Acamar" or the "Company"), regarding the registration statement (the "Registration Statement") filed with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction (defined below).

On October 21, 2020, Acamar's Board of Directors (the "Board") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Acamar Partners Sub, Inc. ("Merger Sub") and CarLotz, Inc. ("CarLotz"). Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into CarLotz, with CarLotz surviving as a wholly-owned subsidiary of Acamar; and (ii) each share of CarLotz common stock will be converted into the right to receive cash and shares of newly-issued Class A common stock of Acamar (the "Proposed Transaction").

On October 29, 2020, Acamar filed the Registration Statement with the SEC, which recommends that Acamar's stockholders vote to approve the Proposed Transaction. Plaintiff believes that Acamar and the Board have violated federal securities laws in connection with the Registration Statement. Plaintiff asserts that the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

Plaintiff demands that Acamar and the Board immediately provide corrective disclosures in an amendment or supplement to the Registration Statement as set forth below. Specifically, Acamar and the Board must disclose the following information prior to the stockholder vote on the Proposed Transaction:

300 Delaware Avenue | Suite 210                       825 East Gate Boulevard | Suite 300
Wilmington, Delaware | 19801                          Garden City, New York | 11530
T 302.295.5310                                        T 516.683.3516



Jaime Mercado, Esq.
November 9, 2020
Page 2



1. CarLotz's financial projections.

2. The Company's financial projections.

3. The terms of the non-disclosure agreements executed by the Company during the process leading up to the execution of the Merger Agreement, including whether they contained standstill and/or "don't ask, don't waive" provisions.

4. The terms and values of the indications of interest and letters of intent submitted during the process leading up to the execution of the Merger Agreement, including the "proposals [sent] to more than ten of the[] targets" and the letters of intent signed with four companies.

5. The terms of Goldman Sachs & Co. LLC's engagement, including: (i) the amount of compensation the financial advisor has received or will receive in connection with its engagement; (ii) the amount of the financial advisor's compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether the financial advisor has performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by the financial advisor for providing such services.

6. A fair summary of the "valuation materials prepared by Acamar Partners' financial advisors and certain financial analysis . . . summary materials prepared by Acamar Partners' management."

7. The timing and nature of all communications regarding the future employment and directorship of the Company's officers and directors, including who participated in all such communications.

This demand is without prejudice to any of Plaintiff's rights, all of which are hereby expressly reserved, including the right to supplement or amend the claims set forth herein, and the right to file a complaint for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 in connection with the Registration Statement.

Sincerely,

*/s/ Gina M. Serra*

Gina M. Serra, Esq.