# UNTIED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

RIGRODSKY LAW, P.A.,

    Plaintiff,

    v.

ACAMAR PARTNERS ACQUISITION CORP.
(N/K/A CARLOTZ, INC.), JUAN CARLOS
TORRES CARRETERO, LUIS IGNACIO
SOLORZANO AIZPURU, DOMENICO DE SOLE,
JAMES E. SKINNER, TECK H. WONG, ACAMAR
PARTNERS SUB, INC., and CARLOTZ, INC.
(N/K/A CARLOTZ GROUP, INC.),

    Defendants.

Case No. 21-cv-04567-JS-JMW

Removed Action: *Rigrodsky Law,
P.A. v. Acamar Partners Acquisition
Corp. et al.*, No. 606923/2021 (Sup.
Ct. Nassau Cty. June 2, 2021)

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I. STATEMENT OF FACTS AND PROCEDURAL HISTORY ..................................................... 1

II. ARGUMENT ................................................................................................................... 5

    A. Legal Standard for Removal Jurisdiction ..................................................................... 6

    B. Defendants Cannot Satisfy Their Burden of Establishing That This Court Has Subject Matter Jurisdiction to Adjudicate Plaintiff's Claim and, Accordingly, the Action Should be Remanded ................................................................................................................... 9

        1. Remand is Proper Because the Action Does Not 'Arise Under' Federal Law and is Based Entirely on State Law ................................................................................... 9

        2. No Exceptions to The Well Pleaded Complaint Rule Apply to Confer Removal Jurisdiction ............................................................................................................. 13

III. THE MOTION TO REMAND IS TIMELY ......................................................................... 17

IV. PLAINTIFF IS ENTITLED TO AN AWARD OF COSTS AND EXPENSES, INCLUDING ATTORNEY FEES ............................................................................................................... 17

V. CONCLUSION ............................................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Barbara v. New York Stock Exch., Inc.*,
99 F.3d 49 (2d Cir. 1996) .................................................................. 6

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987) ................................................................. 7, 13

*Cody Laidlaw v. Acamar Partners Acquisition Corp. et al.*,
C.A. No. 2021-0016-SG (Del. Ch.) ..................................................... 4

*Deutsche Bank Trust Co. Ams. v. Porzio*,
No. 3:18-cv-144, 2019 U.S. Dist. LEXIS 3161 (D. Conn. Jan 8, 2019) .................. 7

*Edgar v MITE Corp.*,
457 U.S. 624 (1982) ....................................................................... 3

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
547 U.S. 677 (2006) ....................................................................... 9

*Fagin v. Gilmartin*,
No. 03-cv-2631, 2007 U.S. Dist. LEXIS 7256 (D.N.J. Feb. 1, 2007) ........... 3, 12, 18

*Fasano v. Guoqing Li*,
482 F. Supp. 3d 158 (S.D.N.Y. Aug. 28, 2020) ......................................... 8

*Finance & Trading, Ltd. v. Rhodia S.A.*,
No. 04-cv-6083, 2004 U.S. Dist. LEXIS 24148 (S.D.N.Y. 2004) ................... *passim*

*Flynn v. McDaniel*,
689 F. Supp. 2d 686 (S.D.N.Y. 2010) ..................................... 3, 15, 18

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,
463 U.S. 1 (1983) ................................................................. 7, 8, 9

*Goodrich v. E. F. Hutton*,
Del. Supr., 681 A.2d 1039 (1996) .................................................. 16

*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*,
545 U.S. 308 (2005) ................................................................. 9, 12

*Grace v. Corporation of Lloyd's*,
No. 96 Civ. 8334, 1997 U.S. Dist. LEXIS 14994 (S.D.N.Y. Oct. 2, 1997) .............. 7

*In re Celera Corp. S'holder Litig.*,
  C.A. No. 6304-VCP, 2012 Del. Ch. LEXIS 66 (Del. Ch. Mar. 23, 2012) *aff'd in part and rev'd in part sub nom., BVF Partners L.P. v. New Orleans Emples. Ret. Sys. (In re Celera Corp. S'holder Litig.)*, C.A. No. 212/2012, 2012 Del. Ch. LEXIS 658 (Del. Dec. 27, 2012) ........................................................................................................... 10

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
  522 F. Supp. 2d 557 (S.D.N.Y. 2007) ............................................................... 17

*In re Sepracor Inc. S'holders Litig.*,
  C.A. No. 487-VCS (Del. Ch. May 21, 2010) ...................................................... 10

*Jing Sung v. Wasserstein*,
  415 F. Supp. 2d 393 (S.D.N.Y. 2006) ............................................... 8, 11, 15, 18

*Lupo v. Human Affairs Int'l, Inc.*,
  28 F.3d 269 (2d Cir. 1994) ................................................................................. 7

*Marc Waterman v. Acamar Partners Acquisition Corp. et al.*,
  Index No. 650148/2021 (N.Y. Sup. Ct., New York Cty.) ..................................... 4

*Marcus v. AT&T Corp.*,
  138 F.3d 46 (2d Cir. 1998) ................................................................................. 8

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005) .......................................................................................... 17

*Mason-Mahon v. Flint*,
  166 A.D.3d 754 (2d. Dep't 2018) ....................................................................... 3

*Matter of Medical Action Indus. Inc. S'holders Litig.*,
  48 Misc. 3d 544 (2015) .......................................................................... 10, 12, 14

*Merrell Dow Pharms., Inc. v. Thompson*,
  478 U.S. 804 (1986) .......................................................................................... 7, 9

*Sardis v. Sardis*,
  53 N.Y.S.3d 904 (Sup. Ct., Suffolk County 2017) ............................................. 16

*Schappel v. UICI*,
  No. 99-cv-1544, 1999 U.S. Dist. LEXIS 19444 (N.D. Tex. Dec. 3, 1999) .......... 15

*Tandycrafts, Inc. v. Initio Partners*,
  562 A.2d 1162 (1988) ........................................................................................ 10

*United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*,
    30 F.3d 298 (2d Cir. 1994) ................................................................................................. 6

*United Vanguard Fund, Inc. v. TakeCare, Inc.*,
    693 A.2d 1076 (Del. 1997) ................................................................................................. 16

*West 14th St. Commercial Corp. v. 5 West 14th Owners Corp.*,
    815 F.2d 188 (2d Cir. 1986) ............................................................................................ 7, 9

## **Statutes**

28 U.S.C. § 1331 .................................................................................................... 1, 6, 17

28 U.S.C. § 1441(b) .......................................................................................................... 6

28 U.S.C. § 1447 .............................................................................................................. 1

28 U.S.C. § 1447(c) .................................................................................................... 16, 17

Section 14(a) of the Securities Exchange Act of 1934 ............................................. 10, 11, 12, 18

Section 20(a) of the Securities Exchange Act of 1934 ................................................. 11, 12, 18

Plaintiff Rigrodsky Law, P.A. ("Plaintiff") respectfully submits this Memorandum of Law in support of its Motion to Remand this case (the "Action"), pursuant to 28 U.S.C. § 1447, to the Supreme Court of the State of New York, Nassau County (the "State Court"), for lack of subject matter jurisdiction under 28 U.S.C. § 1331. No federal jurisdiction exists over this Action because the parties are not diverse and there is no federal question jurisdiction. The Action does not arise under federal law because the sole cause of action asserted was made pursuant to state law and does not require the construction or application of federal law. Further, this case does not fit within the narrow exception permitting federal question jurisdiction where the plaintiff does not assert a federal cause of action, but the case contains a necessary, substantial, and disputed question of federal law. Given the overwhelming authority rejecting Defendants' (defined below) basis for removal, Plaintiff respectfully requests this Court remand the Action to the State Court and order payment by Defendants of Plaintiff's costs and actual expenses, including attorney fees, incurred as a result of their improper removal of this case.

## I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On October 21, 2020, Acamar Partners Acquisition Corp.'s ("Acamar" or the "Company") Board of Directors (the "Board") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with CarLotz, Inc. (now known as CarLotz Group, Inc.) ("CarLotz") and Acamar Partners Sub, Inc. ("Merger Sub") (collectively, "Defendants"). Pursuant to the terms of the Merger Agreement, Merger Sub merged with and into CarLotz, with CarLotz surviving as a wholly-owned subsidiary of Acamar, and each share of CarLotz common stock was converted into the right to receive cash and newly-issued shares of Acamar Class A common stock (the "Transaction"). On October 29, 2020, Defendants filed a Form S-4 Registration Statement with the United States Securities and Exchange Commission

("SEC") in connection with the Merger Agreement and the Transaction (the "Registration Statement").

On November 9, 2020, Plaintiff sent a letter to counsel for the Company on behalf of an Acamar stockholder Eric Broyles (the "Stockholder"), which asserted that the Registration Statement omitted material information regarding the Transaction and demanded that such information be disclosed to the Company's stockholders prior to the vote on the Transaction (the "Demand Letter"). On December 7, 2020, counsel for Acamar acknowledged receipt of the Demand Letter. On December 16, December 23, and December 30, 2020, Defendants filed amendments to the Registration Statement, which were substantively identical to the Registration Statement. Plaintiff followed up with counsel for Acamar on December 30, 2020, and January 6, 2021. On January 7, 2021, counsel for Acamar stated that counsel was checking on the status and would be in touch to discuss the Demand Letter.

The same day, January 7, 2021, a complaint was filed in the Court of Chancery of the State of Delaware (the "Chancery Court Action"), which alleged two of the claims asserted in the Demand Letter, including a claim for breach of fiduciary duty under Delaware law. Although the complaint in Chancery Court Action (attached hereto as Exhibit D) contained references to federal securities law similar to those filed by Plaintiff on behalf of its client in State Court (described below),[1] Defendants did not contest jurisdiction or seek to remove the Chancery Court Action.

---

[1] For instance, the complaint in the Chancery Court Action alleges that (i) "Defendants authorized the filing of the deficient Prospectus with the SEC"; and (ii) "Defendants were obligated to carefully review the Prospectus before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any of the material omissions identified below." (Ex. D at ¶ 42).

On January 8, 2021, Plaintiff brought an action on behalf of Acamar stockholder Marc Waterman ("Waterman") in the Supreme Court of the State of New York, Nassau County, against Defendants pursuant to Delaware law[2] for breach of fiduciary duty and aiding and abetting breach of fiduciary duty (the "State Fiduciary Action"). The complaint in the State Fiduciary Action (attached hereto as Exhibit A) could not have been brought in federal court because it contained neither a federal cause of action nor a substantially disputed federal issue. *See Flynn v. McDaniel*, 689 F. Supp. 2d 686, 691 (S.D.N.Y. 2010) (remanding a derivative action for lack of subject matter jurisdiction because "breach of fiduciary duty claims rest on duties created by state, not federal, law."); *Fagin v. Gilmartin*, No. 03-cv-2631, 2007 U.S. Dist. LEXIS 7256, at *7 (D.N.J. Feb. 1, 2007) (remanding an action because allegedly embedded federal issues, including whether an overstatement of revenues violated federal securities law, were "not substantial because determining the merits of the [state] claims does not depend on construction of federal law."). Defendants did not contest the jurisdiction of the State Court or seek to remove the State Fiduciary Action.

On January 8, 2021, Plaintiff sent the complaint in the State Fiduciary Action to counsel for Acamar and informed them that Plaintiff was preparing a motion to enjoin the stockholder vote on the Transaction on behalf of Waterman, which was scheduled for January 20, 2021. On January 10, 2021, counsel for Acamar informed Plaintiff that counsel would be "happy to discuss

---

[2] Under the internal affairs doctrine, civil actions concerning the relationships between directors and shareholders and the internal corporate affairs, including shareholder derivative claims for breach of fiduciary duty, are assessed exclusively under law of the company's place of incorporation. As a result, Delaware law applies to the Action. *See Mason-Mahon v. Flint*, 166 A.D.3d 754, 756 (2d. Dep't 2018) (*quoting Edgar v MITE Corp.*, 457 U.S. 624, 645 (1982)) ("The internal affairs doctrine is a 'conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs—matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders—because otherwise a corporation could be faced with conflicting demands'"). Defendants do not dispute Delaware law applies in their Notice of Removal.

addressing [Waterman's] disclosure concerns." On January 11, 2021, Plaintiff and counsel for Acamar spoke by telephone and counsel for Acamar informed Plaintiff that Defendants would be filing an amendment to the Registration Statement, which would address and moot Waterman's claims in the State Fiduciary Action regarding the materially incomplete Registration Statement.

On January 12, 2021, Defendants filed a Form 8-K with the SEC, which contained material supplemental disclosures that addressed the issues raised in the Demand Letter and mooted the claims asserted in the State Fiduciary Action regarding the materially incomplete Registration Statement (the "Supplemental Disclosures," attached hereto as Exhibit B). The Supplemental Disclosures explicitly stated that "***the Company makes the following supplemental disclosure solely for the purpose of mooting any alleged disclosure issues asserted in the Legal Actions***." Ex. B, at 3 (emphasis added). The Supplemental Disclosures defined "Legal Actions" as the State Fiduciary Action and the Chancery Court Action.[3] The same day, counsel for Acamar sent an email to Plaintiff stating: "FYI, here's the 8-K: https://www.sec.gov/Archives/edgar/data/1759008/000110465921003223/tm212811d2_8k.htm."

Following the stockholder vote on the Transaction, Plaintiff attempted to negotiate in

---

[3] Specifically, the Supplemental Disclosures stated:

> [T]wo putative stockholder lawsuits have been filed against the Company, certain of its officers and directors, Merger Sub and CarLotz in the Court of Chancery in the State of Delaware and the Supreme Court of the State of New York, County of New York, respectively, captioned *Cody Laidlaw v. Acamar Partners Acquisition Corp. et al*., C.A. No. 2021-0016-SG (Del. Ch.) and *Marc Waterman v. Acamar Partners Acquisition Corp. et al*., Index No. 650148/2021 (N.Y. Sup. Ct., New York Cty.) (the "Legal Actions"). The Legal Actions allege that the members of the board of directors of the Company (the "Board") breached their fiduciary duties in connection with the merger by omitting material information with respect to the merger from the Definitive Proxy Statement/Prospectus, and that certain other defendants aided and abetted such breaches. . . .

Ex. B at 2.

good faith with counsel for Defendants regarding the payment of reasonable attorneys' fees and expenses for the substantial common benefit that the Supplemental Disclosures provided to the Company's stockholders. However, counsel for Defendants have stated that they will not agree to pay any fees or expenses to Plaintiff. On the other hand, Defendants agreed to pay attorneys' fees and expenses to counsel for plaintiff in the Chancery Court Action in the amount of $175,000 in connection with the two claims that were mooted in that case by the Supplemental Disclosures. In resolving the Chancery Court Action, Defendants acknowledged that the Delaware Court of Chancery *had* jurisdiction over the state law breach of fiduciary duty claims. *See* Chancery Court Action Stipulation and [Proposed] Order (attached hereto as Exhibit C) at ¶ 3(b) (stating the court "will ***no longer*** have jurisdiction over this Action.") (Emphasis added).

Defendants have already tacitly conceded that Plaintiff is entitled to the payment of attorneys' fees for the common benefit created in the State Fiduciary Action. In a letter to Plaintiff dated August 26, 2021, counsel for Defendants stated,

> You were told, repeatedly and expressly, that CarLotz would pay one sum – and only one sum – for the alleged corporate benefit conferred, that the amount it was willing to pay totaled $175,000, and that it was up to your firm and Monteverde & Associates, counsel for Mr. Laidlaw, to agree upon any division of that amount. You, however, failed to do so.

While counsel's representations about its communications with Plaintiff are baseless, Defendants' counsel expressly acknowledged paying attorneys' fees to counsel in the substantively identical Chancery Court Action. With regard to the purported communications regarding the division of the fees paid, Plaintiff responded: "[w]e have no record of such a statement being made at all let alone made 'repeatedly and expressly' . . . If such a communication does, in fact exist, we are happy to consider our position in this matter."

Defendants, however, did not respond, nor did they ever provide Plaintiff with those purported communications.

On June 2, 2021, Plaintiff brought this Action in the State Court against Defendants for the award and payment of attorneys' fees and expenses to Plaintiff for the common benefit created by the issuance of the Supplemental Disclosures. The Action could not have been brought in federal court because it contains no federal causes of action and requires no construction, interpretation, or application of federal law. Nonetheless, Defendants make the erroneous assertion that this single cause of action for the award and payment of attorneys' fees pursuant to state law – Plaintiff's right to which arises from the benefits it conferred through resolution of the State Fiduciary Action (which also alleged only state law causes of action) – somehow raises a substantial, disputed federal question. The overwhelming authority in this Circuit, however, establishes that removal is improper and remand warranted. Accordingly, Plaintiff respectfully requests that the Action be remanded back to State Court.

## II.  ARGUMENT

### A.  Legal Standard for Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(b), "a state court defendant may remove a case to federal court . . . only if the plaintiff's claims could originally have been brought there." *Barbara v. New York Stock Exch., Inc.*, 99 F.3d 49, 53 (2d Cir. 1996). Defendants have not alleged diversity jurisdiction and, thus, removal must be assessed to determine if this Court has "original jurisdiction founded on a claim or right arising under the . . . laws of the United States." 28 U.S.C. § 1441(b). *See also id.* at § 1331.

Defendants bear the burden of demonstrating that this Court has subject matter jurisdiction over the Action. *See United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where, as here, the

defendant asserts federal jurisdiction in a removal petition, the defendant has the burden of establishing that removal is proper."); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("[f]ederal courts construe the removal statute narrowly, resolving any doubts against removability.") (internal quotation marks omitted).

"The question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (*citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)). After "examining only those allegations which are properly raised in a well-pleaded complaint, [a] court must then determine whether the substance of those allegations raises a federal question." *See also*, *West 14th St. Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir. 1986); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Grace v. Corporation of Lloyd's*, No. 96 Civ. 8334, 1997 U.S. Dist. LEXIS 14994, at *8 (S.D.N.Y. Oct. 2, 1997) ("In determining whether an action should be remanded, a court should refer to the complaint at the time the petition for removal was filed.") (citations omitted); *Deutsche Bank Trust Co. Ams. v. Porzio*, No. 3:18-cv-144, 2019 U.S. Dist. LEXIS 3161, *4-5 (D. Conn. Jan 8, 2019) (In order to remove a case from state court and defeat a motion to remand, "the federal question must be present on the face of the complaint in the underlying action."). "***The rule makes the plaintiff the master of the claim; [and] he or she may avoid federal jurisdiction by exclusive reliance on state law***." *Caterpillar*, 482 U.S. at 392 (emphasis added).

There are two narrow exceptions permitting a court to determine a case "arises under" federal law when the claim at issue is not itself federal on its face. *See West 14th St.*, 815 F.2d at

192. The first is when federal law creates the cause of action. *See Franchise Tax Bd.*, 463 U.S. at 8-9. "This test can best be understood as involving an inquiry into whether the right or remedy that plaintiff is asserting is strictly a function of substantive state law, that is, whether the underlying cause of action is created by state law." *Jing Sung v. Wasserstein*, 415 F. Supp. 2d 393, 396 (S.D.N.Y. 2006). Here, the underlying cause of action is indisputably created by state law and Defendants do not argue federal law created Plaintiff's state cause of action for the award and payment of attorney's fees. *See e.g. Fasano v. Guoqing Li*, 482 F. Supp. 3d 158, 169 (S.D.N.Y. Aug. 28, 2020) ("breach of fiduciary duty claims…are in no way based upon or related to federal law, and are purely creatures of state law."); *Jing Sung*, 415 F. Supp. at 405 ("The duties of directors to corporations on whose boards they sit is created by state common law. Further, the relationship between a director and a corporation is not created by federal law. This is true even if breach of the fiduciary relationship is predicated on the directors' alleged violation of federal law.").

The second exception is when "some substantial, disputed question of federal law is a necessary element" of a state law claim, and "thus an adjudication of the merits of the underlying dispute, and the existence, or not, of a right or remedy asserted, depends on the interpretation or application of federal law." *Id.* at 396. This test focuses on whether "the vindication of a right under state law ***necessarily*** turn[s] on some ***construction*** of federal law." *Franchise Tax Bd.*, 463 U.S. at 9 (emphasis added). Federal courts refer to this second test as the "artful pleading doctrine," a "corollary to the well-pleaded complaint rule, [which] prevents a plaintiff from avoiding removal by framing in terms of state law a complaint the real nature of which is federal, regardless of plaintiff's characterization, or by omitting to plead necessary federal questions in a

complaint." *Marcus v. AT&T Corp.*, 138 F.3d 46, 55 (2d Cir. 1998) (citation and internal quotation marks omitted).

To determine when the federal element is deemed "sufficiently substantial," courts "must look to the nature of the federal interest at stake." *West 14th St.*, 815 F.2d at 193 (*citing Merrell Dow*, 478 U.S. at 814 n.12). In addition, the Court must consider whether a question of federal law is a substantial and necessary element "with an eye to practicality and necessity." *Franchise Tax Bd.*, 463 U.S. at 20. The Supreme Court has noted, however, that ***this exception was not intended as a "welcome mat" to federalize traditional state law claims*** (*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 319 (2005) (emphasis added)), and should only be applied in those few cases where resolution of federal law claim would be "both dispositive of the case and would be controlling in numerous other cases." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006). As detailed below, Defendants cannot establish the Action fits within this narrow exception.

**B. Defendants Cannot Satisfy Their Burden of Establishing That This Court Has Subject Matter Jurisdiction to Adjudicate Plaintiff's Claim and, Accordingly, the Action Should be Remanded**

Here, (i) the Complaint does not include federal claims; (ii) federal law does not create the sole cause of action asserted in the Complaint; and (iii) no disputed, substantial question of federal law is a necessary element of Plaintiff's claim. Based on these well-established standards, remand is not a close call, and as such Plaintiff respectfully requests that the proposed order attached to the instant motion be entered forthwith.

**i. Remand is Proper Because the Action Does Not 'Arise Under' Federal Law and is Based Entirely on State Law**

On its face, the Complaint presents no federal question. Plaintiff's sole cause of action is asserted under state common law, Plaintiff does not seek a federal remedy, and the State Court

will not need to interpret or apply any federal law to resolve the Action. Instead, the State Court will assess Plaintiff's claims under state law governing the award and payment of attorneys' fees based upon the creation of a common benefit, a responsibility with which state courts are both vested and inherently well qualified to determine. *See e.g.*, *Matter of Medical Action Indus. Inc. S'holders Litig.,* 48 Misc. 3d 544, 556-58 (2015) (awarding attorneys' fees of $250,000 under common benefit doctrine for supplemental disclosures made in response to commencement of litigation); *Tandycrafts, Inc. v. Initio Partners*, 562 A.2d 1162, 1167 (1988) (affirming Chancery Court's award of attorneys' fees for additional "clarifying disclosures" made in response to plaintiff's individual action); *In re Celera Corp. S'holder Litig.*, C.A. No. 6304-VCP, 2012 Del. Ch. LEXIS 66, at *124 (Del. Ch. Mar. 23, 2012), *aff'd in part and rev'd in part sub nom., BVF Partners L.P. v. New Orleans Emples. Ret. Sys. (In re Celera Corp. S'holder Litig.),* C.A. No. 212/2012, 2012 Del. Ch. LEXIS 658 (Del. Dec. 27, 2012) (contested award of $650,000 in attorneys' fees for supplemental disclosures); *In re Sepracor Inc. S'holders Litig.*, C.A. No. 487-VCS (Del. Ch. May 21, 2010) (award of $550,000 in attorneys' fees for supplemental disclosures); *See also Finance & Trading, Ltd. v. Rhodia S.A.*, No. 04-cv-6083, 2004 U.S. Dist. LEXIS 24148, at *23-24 (S.D.N.Y. 2004) (remanding an action for lack of subject matter jurisdiction because "although federal securities laws do indeed relate to the subject matter of plaintiffs' case, plaintiffs' claims do not rest upon violation of federal laws").

Defendants argue that the Supplemental Disclosures "corrected material omissions concerning the Merger…thereby 'vindicating' the voting rights of Acamar stockholder under Section 14(a) of the Exchange Act…" (Notice of Removal at 4) and that "whether fees are warranted for purportedly causing a substantial benefit by curing claims under Section 14(a) is necessarily a federal question." (Notice of Removal at 6). However, the fee award Plaintiff seeks

herein arises from the creation of a common benefit based on the resolution of *state law* claims asserted in the State Fiduciary Action, specifically claims for breach of fiduciary duty and the aiding and abetting the breach of those duties. *See* Exhibit B, ¶ 32. Indeed, Defendants concede the Supplemental Disclosures mooted Plaintiff's *state law* breach of fiduciary duty claims in the State Fiduciary Action, and not any theoretical, unalleged federal claims.[4]

Further, even if this analysis required an inquiry into the removability of the underlying State Fiduciary Action (which it does not), the State Fiduciary Action also contained no federal causes of action, did not present a disputed, substantial question of federal law necessary to establish Waterman's state law claims, and would not have been removable. While there might be some superficial overlap between Waterman's state law claims in the State Fiduciary Action and theoretical claims arising under Sections 14(a) and 20(a) of the Exchange Act, Waterman's claims were more expansive because they were not limited to the issuer of the statements, but included all parties alleged to have aided and abetted the breach of fiduciary duties. Standing alone, that a consequence of that breach of fiduciary duty was the failure to disclose all material information concerning the Transaction in the Registration Statement does not transform these independent state causes of action into federal claims. *See Jing Sung*, 415 F. Supp. 2d at 406 (remanding an action for lack of subject matter jurisdiction because "that the [allegedly false] statements were made in a federally required document does not change the inquiry [into] whether, standing alone, they were false or misleading . . . under state law.") (citations omitted); *Finance & Trading,* 2004 U.S. Dist. LEXIS 24148 at *23-24 (remanding an action for lack of

---

[4] The Supplemental Disclosures stated, "the Company makes the following supplemental disclosure solely for the purpose of mooting any alleged disclosure issues asserted in the Legal Actions." Ex. B at 3. Legal Actions was defined to include the State Fiduciary Action, which, again, only contained a state law cause of action.

subject matter jurisdiction because "the court would not need to look at federal securities laws to determine whether the statements….were misleading, as the statements could be evaluated under New York state common law standards for determining fraud..."); *see also Fagin,* 2007 U.S. Dist. LEXIS 7256 at *7 (holding the fact that the court "may be called upon to evaluate the offending conduct in light of what federal securities laws and regulations require does not federalize the claims for [] breach of fiduciary duty [].").  In *Fagin*, the Court determined remand was appropriate because the state law claims, "require the evaluation of duties that are at their core defined by state law," and the fact that the violation of those duties may have involved violations of federal law "does not bring the federal securities laws to the forefront of the action." *Id*. at *14.[5]

This Action to collect attorney's fees pursuant to state law *is even more attenuated.* Plaintiff does not need to prove the Company violated sections 14(a) and 20(a) of the Exchange Action to succeed on the merits of the Action.  Rather, Plaintiff merely has to establish it conferred a benefit upon the Company (here, in connection with the mooting of state-based breach of fiduciary duty claims) and that the Company failed to compensate it for conferring those benefits. *See Medical Action Indus.*, 48 Misc. 3d at 549-50 (under Delaware law, "[w]here the application for attorneys' fees on behalf of the plaintiff shareholders is based upon the assertion that the litigation resulted in the procurement of additional disclosure that was previously omitted by corporate directors, the key to determination of the 'substantial benefit' question appears to be whether the omitted fact(s) were 'material,' *i.e.*, whether there is a

---

[5] The Court in *Fagin* also echoed the concern expressed in *Grable* that entertaining the state law claims would result in overreaching by federal courts.  *Id*.

substantial likelihood that a reasonable stockholder would consider the newly revealed information important in deciding how to vote on a corporate transaction, such as a merger.").[6]

Finally, even assuming, *arguendo*, that Waterman *could* have brought federal causes of action to redress the conduct at issue in the State Fiduciary Action, the plaintiff is the master of his own litigation (*See e.g.*, *Caterpillar Inc*, 482 U.S. at 392 ("[t]he rule makes the plaintiff the master of the claim; [and] he or she may avoid federal jurisdiction by exclusive reliance on state law.")) and may solely pursue state law causes of action to the exclusion of (arguably available,) parallel federal claims. Indeed, courts in this Circuit have applied this concept to cases like this one that tangentially relate to, but don't necessitate construction or application of federal securities law. For instance, in *Finance & Trading*, the court stated,

> That [multiple federal securities] statutes provide remedies, however, does not mean that plaintiffs were obligated to base their claims upon them. ***No federal interest is compromised by the availability of a parallel state-law action***, as federal securities laws generally do not preempt similar state law causes of action. ***The plaintiff is the master of the complaint, and may choose to proceed under state law alone unless the complaint alleges charges necessitating the construction of federal law***.

2004 U.S. Dist. LEXIS 24148 at *22-23 (emphasis added). No justification for removal exists.

Accordingly, the Action should be remanded to the State Court.

---

[6] Although this court lacks jurisdiction to adjudicate the merits of this Action, it should be noted that any purported deficiency with Plaintiff's claim is curable under New York law. For example, to the extent the State Court finds Plaintiff's claim sounds in unjust enrichment (*see Nichols v. SG Partners, Inc.*, 2010 N.Y. Misc. LEXIS 1399, *27-28 (Sup. Ct. New York County Jan. 27, 2010) ("[t]o state a cause of action for unjust enrichment a plaintiff must allege that (she) conferred a benefit upon the defendant and that the defendant will obtain such benefit without adequately compensating plaintiff therefor . . . .")), its inadvertent mislabeling of that cause of action is not fatal. "On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction . . . [] [and the court] accept[s] the facts as alleged in the complaint as true, accord[s] plaintiffs the benefit of every possible favorable inference, and determine[s] only ***whether the facts as alleged fit within any cognizable legal theory*** . . . . " *Leon v. Martinez*, 84 N.Y.2d 83, 78-88 (1994) (emphasis added).

### ii. No Exceptions to The Well Pleaded Complaint Rule Apply to Confer Removal Jurisdiction

Defendants acknowledge removal is only appropriate in this case if the court agrees with their contention that Plaintiff's sole cause of action "necessarily raise[es] a federal issue, [that is] actually disputed and substantial…." (Notice of Removal at 5). However, the lone claim in this case to collect attorneys' fees pursuant to state law does not fit within this narrow exception to a finding of federal question jurisdiction where the plaintiff does not assert a violation of federal law because (i) Plaintiff's claim does rest upon any determination that federal law was violated; (ii) Plaintiff does not rely on application of federal laws; and (iii) the Court will not be required to make any findings or issue any rulings on or in connection with federal law. Simply put, Plaintiff's claims are not dependent upon federal law in any manner.

In arguing that the "Federal Issues are Substantial," Defendants offer two conclusory sentences generally alleging that there's a national interest in enforcing the Exchange Act and in protecting the securities markets. (Notice of Removal at 8). Defendants make this argument because, far from there being a *substantial* federal issue, there is *no* federal issue. The State Fiduciary Action sought to redress Defendants' violations of state law. The Supplemental Disclosures established Waterman did in fact redress those violations. This Action seeks attorneys' fees (again, pursuant to state law) because Waterman's counsel, Plaintiff, conferred benefits to Defendants by virtue of the Supplemental Disclosures, which have not been compensated. Indeed, because no federal issues are present, Defendants have not met their burden establishing that the Action contains substantial federal issues.

In arguing that "Federal Issues are Disputed," Defendants again offer two sentences, this time generally alleging that because "alleged omissions in the Definitive Proxy/Prospectus are central to Rigrodsky's fee request, federal issues are 'central' to the matter and are therefore

actually disputed." (Notice of Removal at 8). As explained above, however, the only determination relevant to Plaintiff's fee award is the value of the benefits it conferred under state law. *See Medical Action Indus.*, 48 Misc. 3d at 549-50. Defendants' conclusory allegations that federal issues exist and are disputed are insufficient to carry their burden to establish removal was proper.

Authority in this Circuit overwhelmingly supports a finding that Plaintiff has not raised a substantial, disputed federal issue. In *Flynn v. McDaniel*, the court remanded a derivative action for lack of subject matter jurisdiction because plaintiffs' "breach of fiduciary duty claims rest on duties created by state, not federal, law." 689 F. Supp. 2d at 691. The court found:

> Defendants' contention that the breach of fiduciary duty claims in particular stem from allegedly false or misleading statements made in 'SEC filings, press releases, conference calls and other public documents', is ***not itself sufficient to raise a federal question because the fact 'that the [allegedly false] statements were made in a federally required document does not change the inquiry [into] whether, standing alone, they were false or misleading . . . under state law*.'**

*Id*. (emphasis added). In *Jing Sung*, the court similarly found that a breach of fiduciary duty claim made pursuant to state law was subject to remand because, "[a]ny failure to comply with federal securities laws 'simply provide[s] the factual basis for [the] state law claims.'" 415 F. Supp. 2d at 405 (*quoting, Schappel v. UICI*, No. 99-cv-1544, 1999 U.S. Dist. LEXIS 19444 (N.D. Tex. Dec. 3, 1999)). The court concluded "[n]o cause of action here[,] [including the state law breach of fiduciary duty claim,] necessarily stands or falls based on a particular interpretation or application of federal [securities] law." *Id*. at 406. In *Finance & Trading*, defendants sought removal because they alleged assessment of an SEC prospectus under federal law (which plaintiffs alleged to be false and misleading under state law) necessarily raised a federal issue. The court rejected this argument, however, because it "would not need to look at federal securities laws to determine whether the statements…. were misleading, as ***the***

***statements could be evaluated under New York state common law standards for determining***

***fraud***..." 2004 U.S. Dist. LEXIS at \*23-24 (emphasis added). The court continued:

> Defendants claim that federal securities laws will ***necessarily*** be implicated in plaintiffs' case because, in order to determine whether the prospectuses are misleading, the reviewing court must look to the federal securities laws for the applicable standards. ***Not so***. ***There is no reason why the New York state common law standards for determining fraud and negligent misrepresentation cannot form the sole basis for assessing the prospectus***.
>
> ***
>
> Plaintiffs' case poses no 'substantial federal question,' because it concerns solely the nature and consequences of certain oral and written misrepresentations made by defendants to plaintiffs. ***New York common law is fully capable of resolving plaintiffs' claims.***

Id. at \*25-26.

Defendants confusingly argue Plaintiff's reference to the corporate benefit doctrine transforms its state claim into a federal claim.[7] However, this is yet another misapprehension of the law. State courts, including in both New York and Delaware, frequently utilize and apply the corporate benefit doctrine without implicating a substantial, disputed federal question necessitating removal. *See Goodrich v. E. F. Hutton*, Del. Supr., 681 A.2d 1039 (1996) ("The common fund doctrine is a well-established basis for awarding attorney's fees in the Court of Chancery."); *Sardis v. Sardis*, 53 N.Y.S.3d 904, 914 (Sup. Ct., Suffolk County 2017) ("New York follows the substantial-benefit rule articulated in a series of federal cases which hold that attorney's fees are recoverable, even in the absence of a common fund, when the plaintiff has achieved a 'substantial benefit' accruing to the corporation and the other shareholders.") (citations omitted); *United Vanguard Fund, Inc. v. TakeCare, Inc.*, 693 A.2d 1076, 1079 (Del. 1997) ("[C]ourts have long recognized the 'common corporate benefit' doctrine as a basis for the

---

[7] *See* Notice of Removal at 6 ("[T]he Complaint all but concedes that federal court is the proper forum for this action because it relies on the substantial corporate benefit doctrine under federal law as the basis for its requested relief.").

reimbursement of attorneys' fees and expenses in corporate litigation." (citation omitted)).

Accordingly, Defendants' claim that Plaintiff's reference to the corporate benefit doctrine

supports a finding that the Action's state law claim for attorney's fees arises under federal law is

simply incorrect.

For the reasons stated herein, Defendants have not met their burden of establishing the

Action necessary raises a substantial, disputed federal issue. Accordingly, Plaintiff respectfully

submits that the Action should be remanded to the State Court.

### III.    THE MOTION TO REMAND IS TIMELY

Plaintiff's motion is timely because a motion to remand for lack of subject matter

jurisdiction may be made at any time before final judgment. Pursuant to 28 U.S.C. § 1447(c),

"[a] motion to remand the case on the basis of any defect *other than lack of subject matter*

*jurisdiction* must be made within 30 days after the filing of the notice of removal under section

1446(a). If at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded." (Emphasis added); *see also, In re Methyl Tertiary Butyl*

*Ether Prods. Liab. Litig.*, 522 F. Supp. 2d 557, 561 (S.D.N.Y. 2007) ("a motion to remand for

lack of subject matter jurisdiction can be made at any time.").

Because this court lacks subject matter jurisdiction under 28 U.S.C. § 1331, this motion is

timely and should be granted, and the Action remanded to the State Court.

### IV.    PLAINTIFF IS ENTITLED TO AN AWARD OF COSTS AND EXPENSES, INCLUDING ATTORNEY FEES

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just

costs and any actual expenses, including attorney fees, incurred as a result of the removal."

Payment of such costs and expenses is appropriate if the removing party lacked "an objectively

reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The

determination whether such an objectively reasonable basis existed is left to the discretion of the court. The Court, however, does not have to find that Defendants' actions were "frivolous, unreasonable, or without foundation" in order to award costs and expenses. *Id*. at 138.

Payment of costs and expenses is entirely justified in this case. As discussed above, Defendants' assertion that "the propriety of any award turns on whether Sections 14(a) and 20(a) were actually violated…." (Notice of Removal at 2) is objectively unreasonable because courts in this Circuit, have overwhelming ruled to the contrary. *See e.g., Flynn*, 689 F. Supp. 2d at 691 ("it is well established the claims for [] breach of fiduciary duties turn exclusively on New York law and do not require interpretation or application of federal securities law"); *Fagin*, 2007 U.S. Dist. LEXIS 7256, at *7 (holding allegedly embedded federal issues, including whether statements violated federal securities law, were "not substantial because determining the merits of the [state] claims does not depend on construction of federal law."); *Jing Sung*, 415 F. Supp. 2d at 406 (remanding an action because "that the [allegedly false] statements were made in a federally required document does not change the inquiry [into] whether, standing alone, they were false or misleading . . . under state law.") (citations omitted).

Indeed, minimal research would have revealed the impropriety of removal, *i.e.*, the utter lack of a legal or factual basis for removal. By removing this case to delay the inevitable payment of Plaintiff's attorney's fees on the basis of the objectively unreasonable arguments described herein, Defendants have wasted court resources and increased the cost of litigation to the Plaintiff. As such, it is well within the Court's discretion to require payment by Defendants of just costs and any actual expenses, including attorney fees, incurred as a result of the removal in accordance with 28 U.S.C. § 1447(c).

## V. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests the Court: (1) to remand the Action to the State Court; and (2) require payment of costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Dated:  September 30, 2021                                  Respectfully submitted,

                                                            **RIGRODSKY LAW, P.A.**

                                                            */s/ Timothy J. MacFall*
                                                            Seth D. Rigrodsky
                                                            Timothy J. MacFall
                                                            Gina M. Serra
                                                            Vincent D. Licata
                                                            825 East Gate Boulevard, Suite 300
                                                            Garden City, NY 11530
                                                            Tel. No. (516) 683-3516
                                                            Fax:       (302) 654-7530
                                                            Email:    sdr@rl-legal.com
                                                                        tjm@rl-legal.com
                                                                        gms@rl-legal.com
                                                                        vl@rl-legal.com