# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK**

|  |  |
|---|---|
| ──────────────────────────── X | |
| MARC WATERMAN, | : |
|  | : **SUMMONS** |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : |
| ACAMAR PARTNERS ACQUISITION | : |
| CORP., JUAN CARLOS TORRES, LUIS | : |
| SOLORZANO, DOMENICO DE SOLE, JIM | : |
| SKINNER, TECK WONG, ACAMAR | : |
| PARTNERS SUB, INC., and CARLOTZ, | : |
| INC., | : |
|  | : |
| Defendants. X | |

To the above-named defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff designates New York County as the place of trial. The basis of venue is that defendants committed a substantial portion of the transactions and wrongs complained in this County, defendants have received substantial compensation for doing business in this County, and the trading of defendant's stock on the NASDAQ exchange occurred in this County.

Dated: January 8, 2021 **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
(516) 683-3516
sdr@rl-legal.com
tjm@rl-legal.com
gms@rl-legal.com
vl@rl-legal.com

*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

```
─────────────────────────────────── X
MARC WATERMAN,                      :
                                    :  Index No.
                Plaintiff,          :
                                    :  JURY TRIAL DEMANDED
        v.                          :
                                    :  COMPLAINT
ACAMAR PARTNERS ACQUISITION         :
CORP., JUAN CARLOS TORRES, LUIS     :
SOLORZANO, DOMENICO DE SOLE, JIM    :
SKINNER, TECK WONG, ACAMAR          :
PARTNERS SUB, INC., and CARLOTZ,    :
INC.,                               :
                                    :
                Defendants.         :
─────────────────────────────────── X
```

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On October 21, 2020, Acamar Partners Acquisition Corp.'s ("Acamar" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused Acamar to enter into an agreement and plan of merger (the "Merger Agreement") with Acamar Partners Sub, Inc. ("Merger Sub") and CarLotz, Inc. ("CarLotz").

2. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into CarLotz, with CarLotz surviving as a wholly-owned subsidiary of Acamar; and (ii) each share of CarLotz common stock will be converted into the right to receive cash and newly-issued shares of Acamar Class A common stock (the "Proposed Transaction").

3. On October 29, 2020, defendants filed a Form S-4 Registration Statement (as amended, the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

5. Accordingly, plaintiff seeks enjoinment of the Proposed Transaction or, alternatively, rescission of the Proposed Transaction in the event defendants are able to consummate it.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the defendants named herein pursuant to New York Civil Practice Law and Rules ("CPLR") § 301 and/or 302. This Court has personal jurisdiction over defendants because, among other things, the Company's stock trades on the NASDAQ, which is headquartered in New York County. The exercise of jurisdiction by this Court is permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this Court pursuant to CPLR § 503. Among other things, the Company's common shares trade on the NASDAQ, which is headquartered in New York County.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Acamar common stock.

9. Defendant Acamar is a Delaware corporation and a party to the Merger Agreement. Acamar's common stock is traded on the NASDAQ under the ticker symbol "ACAM."

10. Defendant Juan Carlos Torres is Chairman of the Board of the Company.

11. Defendant Luis Solorzano is Chief Executive Officer and a director of the Company.

12. Defendant Domenico de Sole is a director of the Company.

13. Defendant Jim Skinner is a director of the Company.

14. Defendant Teck Wong is a director of the Company.

15. The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

16. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Acamar, and a party to the Merger Agreement.

17. Defendant CarLotz is a Delaware corporation and party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Proposed Transaction*

18. On October 21, 2020, Acamar's Board caused the Company to enter into the Merger Agreement with Merger Sub and CarLotz.

19. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into CarLotz, with CarLotz surviving as a wholly-owned subsidiary of Acamar; and (ii) each share of CarLotz common stock will be converted into the right to receive cash and newly-issued shares of Acamar Class A common stock.

20. According to the press release announcing the Proposed Transaction:

Acamar Partners Acquisition Corp. (Nasdaq: ACAM) ("Acamar Partners"), a publicly-traded special purpose acquisition company, and CarLotz, Inc. ("CarLotz" or the "Company"), one of the largest privately-held used vehicle retail disruptors with the industry's only consignment-to-retail sales platform, announced today they executed a definitive business combination agreement that would make CarLotz a public company. At closing, anticipated in the fourth quarter of 2020, the combined company will be named CarLotz, Inc. and is expected to remain listed on Nasdaq and trade under the new ticker symbol LOTZ. . . .

Transaction Overview

The transaction implies a pro forma enterprise valuation for CarLotz of $827 million, or 0.88x 2022 estimated revenue of $945 million and 6.8x 2022 estimated gross profit of $121 million. Existing CarLotz shareholders will roll over the vast majority of their existing equity, retaining 59% of the combined company's pro forma equity.

The transaction will be fully funded by a combination of Acamar Partners' up to $311 million cash-in-trust and $125 million of PIPE proceeds, which have been fully committed by a pool of institutional and strategic investors, enabling the combined entity to retain up to $321 million of cash following the transaction (assuming no redemptions by Acamar Partners' existing shareholders) to support working capital and fund the Company's growth.

The Board of Directors of each of Acamar Partners and CarLotz have unanimously approved the transaction. The transaction will require the approval of the stockholders of both Acamar Partners and CarLotz, and is subject to other customary closing conditions, including the receipt of certain regulatory approvals. The transaction is expected to fully fund CarLotz' expansion and growth initiatives, including investments in core technology and capital expenditures for a nationwide hub expansion. The transaction is expected to close in the fourth quarter of 2020.
. . .

Advisors

CarLotz advisors include Deutsche Bank Securities serving as lead financial and capital markets advisor, Barclays serving as financial and capital markets co-advisor, William Blair serving as capital markets co-advisor and Freshfields Bruckhaus Deringer serving as legal counsel. Acamar Partners advisors include Goldman Sachs as sole financial advisor and placement agent for the PIPE and Simpson Thacher & Bartlett serving as legal counsel.

***The Registration Statement Omits Material Information***

21.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

22.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

23.     The Registration Statement fails to disclose CarLotz's financial projections.

24. The Registration Statement fails to disclose the Company's financial projections.

25. The Registration Statement fails to disclose the terms of the non-disclosure agreements executed by the Company during the process leading up to the execution of the Merger Agreement, including whether they contained standstill and/or "don't ask, don't waive" provisions.

26. The Registration Statement fails to disclose the terms and values of the indications of interest and letters of intent submitted during the process leading up to the execution of the Merger Agreement, including the "proposals [sent] to more than ten of the[] targets" and the letters of intent signed with four companies.

27. The Registration Statement fails to disclose the terms of Goldman Sachs & Co. LLC's engagement, including: (i) the amount of compensation the financial advisor has received or will receive in connection with its engagement; (ii) the amount of the financial advisor's compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether the financial advisor has performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by the financial advisor for providing such services.

28. The Registration Statement fails to disclose a fair summary of the financial analyses performed by the Company's financial advisors and/or management, including the "valuation materials prepared by Acamar Partners' financial advisors and certain financial analysis . . . summary materials prepared by Acamar Partners' management."

29. The Registration Statement fails to disclose the timing and nature of all communications regarding the future employment and directorship of the Company's officers and directors, including who participated in all such communications.

30. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Breach of Fiduciary Duties Against the Individual Defendants

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32. The Individual Defendants have caused materially misleading and incomplete information to be disseminated to the Company's public stockholders. The Individual Defendants have an obligation to be complete and accurate in their disclosures.

33. The Registration Statement fails to disclose material information, including financial information and information necessary to prevent the statements contained therein from being misleading.

34. Due to defendants' failure to provide full and fair disclosure, plaintiff will be stripped of his ability to make an informed decision with respect to the Proposed Transaction, and thus is damaged thereby.

35. Plaintiff has no adequate remedy at law.

## COUNT II

### Aiding and Abetting the Board's Breaches of Fiduciary Duties
### Against Acamar, Merger Sub, and CarLotz

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. Defendants Acamar, Merger Sub, and CarLotz knowingly assisted the Individual Defendants' breaches of fiduciary duties, which, without such aid, would not have occurred.

38. As a result of this conduct, plaintiff has been and will be damaged in that plaintiff has been and will be prevented from making an informed decision with respect to the Proposed Transaction.

39. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands injunctive relief, in his favor and against the defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that the Individual Defendants have violated their fiduciary duties to plaintiff;

E. Awarding plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all claims asserted herein.

Dated: January 8, 2021      **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
(516) 683-3516
sdr@rl-legal.com
tjm@rl-legal.com
gms@rl-legal.com
vl@rl-legal.com

*Attorneys for Plaintiff*