UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIGRODSKY LAW, P.A.,<br><br>    Plaintiff,<br><br>v.<br><br>ACAMAR PARTNERS ACQUISITION CORP. (N/K/A CARLOTZ, INC.), JUAN CARLOS TORRES CARRETERO, LUIS IGNACIO SOLORZANO AIZPURU, DOMENICO DE SOLE, JAMES E. SKINNER, TECK H. WONG, ACAMAR PARTNERS SUB, INC., and CARLOTZ, INC. (N/K/A CARLOTZ GROUP, INC.),<br><br>    Defendants. | No. 2:21-cv-04567-JS-JMW |

## STIPULATION AND [PROPOSED] ORDER STAYING CASE

WHEREAS, on June 2, 2021, Plaintiff Rigrodsky Law, P.A. ("Rigrodsky") filed this action against CarLotz, Inc., CarLotz Group, Inc., Juan Carlos Torres Carretero, Luis Ignacio Solorzano Aizpuru, Domenico De Sole, James E. Skinner, Teck H. Wong, and Acamar Partners Sub, Inc. (collectively, "Defendants") in the Supreme Court of the State of New York, Nassau County, captioned *Rigrodsky Law, P.A. v. Acamar Partners Acquisition Corp. (N/K/A CarLotz Inc.), et al.*, No. 606923/2021 (the "Action") (ECF No. 1-3 at 2);

WHEREAS, on August 13, 2021, CarLotz, Inc. and CarLotz Group, Inc. (collectively, "CarLotz") removed the Action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a) (ECF No. 1);

WHEREAS, on August 20, 2021, consistent with the Court's Individual Rules, CarLotz filed a letter motion requesting a pre-motion conference in connection with its anticipated motion to dismiss ("the Motion to Dismiss") (ECF No. 11);

WHEREAS, on September 30, 2021, Rigrodsky filed a motion to remand the case to the Supreme Court of New York, Naussau County, where it was originally filed (the "Remand Motion") (ECF No. 14);

WHEREAS, on October 8, 2021, the Court held a pre-motion conference on the Motion to Dismiss and inquired whether the parties would be amenable to meeting with Magistrate Judge James M. Wick in an effort to resolve their disputes;

WHEREAS, at the conclusion of the conference, the Court set a briefing schedule of (i) November 1, 2021, for CarLotz's Motion to Dismiss and opposition to Rigrodsky's Motion to Remand, (ii) December 13, 2021, for Rigrodsky's opposition to CarLotz's Motion to Dismiss and reply in further support of its Motion to Remand, and (iii) January 6, 2022, for CarLotz's reply in further support of its Motion to Dismiss (ECF No. 17);

WHEREAS, counsel for Rigrodsky and counsel for CarLotz met and conferred on October 18, 2021; and

WHEREAS, the parties agree that the interests of justice, and preservation of the parties' and the Court's resources, would be best served if the parties attempted to resolve the Action prior to submitting any additional briefing on Rigrodsky's Motion to Remand and CarLotz's forthcoming Motion to Dismiss (together, the "Motions").

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Rigrodsky and CarLotz, and subject to the Court's approval, that:

1. All proceedings in this Action, including the time for any Defendant to respond to the Complaint and any briefing by either party on Rigrodsky's Motion to Remand and CarLotz's Motion to Dismiss, shall be stayed until further Order of the Court.

2. The parties shall attempt to informally resolve the Action without the involvement of Magistrate Judge Wicks until November 30, 2021.

3. In the event the parties do not reach a settlement and/or the Action is not voluntarily dismissed on or before November 30, 20201, the parties shall so notify the Court and the Court shall direct the parties to meet with Magistrate Judge Wicks for a period of 60 days, up through and including January 31, 2022, in an attempt to resolve their dispute.

4. In the event the parties' attempt to reach a resolution with the assistance of Magistrate Judge Wicks is unsuccessful and the parties do not reach a settlement and/or the Action is not voluntarily dismissed on or before January 31, 2022, once the remaining defendants are properly served, the parties shall jointly notify the Court and propose a schedule for briefing the Motions for the Court's approval. If the parties cannot agree on such a joint proposed briefing schedule, they shall submit a joint letter to the Court, not to exceed two (2) pages, setting forth their respective proposed schedules for briefing the Motions.

5. Any attempt by the parties to resolve the matter is made without prejudice to any arguments that the parties may raise, including sufficiency of process and sufficiency of service of process, and each of the parties reserves all of its rights and waives none.

[*Continued on next page*]

**IT IS SO STIPULATED.**

Dated: October 28, 2021

By: */s/ Timothy J. MacFall*
**RIGRODSKY LAW, P.A.**
Gina M. Serra
Timothy J. MacFall
Vincent A. Licata
825 East Gate Boulevard
Suite 300
Garden City, NY 11530
Tel.: (516) 683-3516
gms@rl-legal.com
tjm@rl-legal.com
vl@rl-legal.com

*Attorneys for Plaintiff*

By: */s/ Mary Eaton*
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
Mary Eaton
Nicholas A. Caselli
601 Lexington Avenue
New York, New York 10022
Tel.: (212) 277-4000
mary.eaton@freshfields.com
nicholas.caselli@freshfields.com

*Attorneys for Defendants
CarLotz, Inc. and CarLotz Group, Inc.*

**IT IS SO ORDERED.**

Date: _____, 2021    _____
HON. JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE